**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK INKSTER, et al., | CASE NO. CV F 12-1249 LJO MJS |
| Plaintiffs, | **ORDER ON DEFENDANT FREDDIE MAC'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 6.) |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Defendants. | |

**INTRODUCTION**

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") seeks to dismiss as legally barred plaintiffs Patrick Inkster and Pioneer Properties CLG, LLC's (collectively "Pioneer's") specific performance claim arising from a property foreclosure sale. Pioneer filed no papers to oppose timely Freddie Mac's dismissal. This Court considered Freddie Mac's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the December 7, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES this action against Freddie Mac.

# BACKGROUND[1]

## Property Foreclosure

On November 26, 2007, Michael Ebaugh executed a Deed of Trust ("DOT") in favor of Bank of America, N.A. ("B of A"), to secure a loan against a Visalia property ("property"). On September 23, 2011, B of A assigned its beneficial interest in the loan to Freddie Mac.

On September 19, 2011, Quality Loan Service Corporation ("Quality") was substituted as the DOT trustee and commenced nonjudicial foreclosure against the property by recording and serving a Notice of Default and Election to Sell under Deed of Trust.

On December 20, 2011, Quality issued a Notice of Trustee's Sale of the property. On March 15, 2011, a trustee's sale of the property was conducted. A Trustee's Deed Upon Sale was recorded on March 26, 2011 to transfer ownership of the property to Freddie Mac.

## Unrealized Property Sale

On June 8, 2012, Freddie Mac, through its agent defendant Nancy Riggs ("Ms. Riggs") faxed a counteroffer to sale the property to Pioneer, which accepted the counteroffer. Freddie Mac made a modification to the counteroffer, and Pioneer accepted it and returned it. Ms. Riggs contacted Pioneer to confirm orally acceptance of the modified terms and that the property status would be changed to "sale pending."

Pioneer secured $276,999 for the property purchase and remains ready, willing and able to perform its obligations to complete the property purchase.

## Pioneer's Claims

The complaint alleges that Freddie Mac has failed to perform its "conditions of the contract" and to establish an escrow. The complaint further alleges that Freddie Mac is estopped to rely on the statute of frauds because Pioneer has "arranged and provide $276,999 for the purchase of the property" and "retained experts to conduct inspections." The complaint asserts a sole specific performance claim against Freddie Mac.

///

---

[1] The factual recitation is derived from Pioneer's Complaint ("complaint") and other matters which this Court may consider on a F.R.Civ.P. 12(b)(6) motion to dismiss.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Freddie Mac contends that Pioneer's specific performance claim fails in the absence of a written agreement for the property sale.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

1  do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

1  Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984).

A court may consider exhibits submitted with the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

With these standards in mind, this Court turns to Freddie Mac's challenges to the complaint's specific performance claim.

**Specific Performance**

Freddie Mac argues that specific performance is a remedy, "not an independent claim for relief." Freddie Mac characterizes the complaint's specific performance claim as "no more than a prayer for a particular remedy."

"Specific performance is a form of contractual relief, not an independent claim." *Harara v. ConocoPhillips Co.*, 377 F.Supp.2d 779, 796, n. 20 (N.D. Cal. 2005). "[S]pecific performance is a remedy for breach of contract, a cause of action which requires proof the contract was breached."

---

[2] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

*Golden West Baseball Co. v. City of Anaheim*, 25 Cal.App.4th 11, 49, 31 Cal.Rptr.2d 378 (1994).

    Freddie Mac notes that the specific performance remedy requires:

    1.    An enforceable contract, sufficiently certain in its terms;

    2.    Adequate consideration;

    3.    Plaintiff's performance, or excuse for nonperformance;

    4.    Defendant's breach; and

    5.    Inadequacy of a remedy at law.

5 Witkin, Cal. Proc. (5th ed. 2008), Pleading, § 785, p. 203-204.

    Freddie Mac points to the absence of facts to demonstrate "a valid written contract for sale between the parties," Freddie Mac's breach, and "an inadequate remedy at law to compensate Plaintiffs for whatever damages they allege to have suffered." Freddie Mac faults the complaint's failure to demonstrate the inadequacy of monetary damages to compensate Pioneer.

    Freddie Mac raises valid points which are bolstered by Pioneer's lack of opposition. The failure to satisfy specific performance requirements dooms the complaint's claim against Freddie Mac.

### Statute Of Frauds

    Freddie Mac contends that the complaint's specific performance claim is barred by the statute of frauds.

    California Civil Code section 1624(a)(3) codifies the statute of frauds and provides that an agreement "for the sale of real property" is invalid unless such agreement "or some note or memorandum thereof" is "in writing and subscribed by the party to be charged or by the party's agent." Moreover, an agreement to modify an agreement subject to the statute of frauds must be written. "A contract in writing may be modified by a contract in writing." Cal. Civ. Code, § 1698(a).

    Freddie Mac faults the complaint's failure to demonstrate a written agreement for the property sale to Pioneer or an excuse from application of the statute of frauds.

    Again, Freddie Mac raises unopposed valid points to further warrant dismissal of the complaint's claim against Freddie Mac.

### CONCLUSION AND ORDER

    For the reasons discussed above, this Court:

6

1. DISMISSES with prejudice this action against defendant Federal Home Loan Mortgage Corporation; and

2. DIRECTS the clerk to enter judgment in favor of defendant Federal Home Loan Mortgage Corporation and against plaintiffs Patrick Inkster and Pioneer Properties CLG, LLC in that there is no just reason to delay to enter such judgment given the claims against defendant Federal Home Loan Mortgage Corporation and its alleged liability are clear and distinct from claims against and liability of other defendants. *See* F.R.Civ.P. 54(b).

IT IS SO ORDERED.

**Dated:   November 27, 2012**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE